■ EDWARD SCHWARTZMAN, Respondent, v WALTER WEINTRAUB et al., Appellants.—Order, Supreme Court, New York County, entered October 8, 1976, granting plaintiff's motion for an order permitting him to serve a fourth amended complaint and to add new parties defendant, unanimously affirmed, without costs and without disbursements. Based upon the determination in *East Asiatic Co. v Corash* (34 AD2d 432), appellants contend that the plaintiff should not have been granted leave to serve a fourth amended complaint because the proposed third cause of action did not state a valid basis for relief. Essentially, the third cause charged that the proposed new defendants conspired with defendant Weintraub and certain corporate defendants in falsely representing that they were going out of the political survey business and inducing the plaintiff to acquiesce in the termination of the purported contract. The proposed third cause is merely an extension of and is based upon the second cause that charges an action in fraud and deceit against the presently named defendants. Appellants contend that the second cause does not state a meritorious ground for recovery for the defendants can not be held liable for inducing the plaintiff to breach a contract to which they were purported parties. Upon an earlier cross motion, the appellants challenged the legal sufficiency of the second amended complaint. That complaint contained a cause founded upon fraud that is basically the same as the second cause in this proposed fourth amended complaint. However, appellants did not, upon their cross motion, specifically challenge the legal sufficiency of the cause of action based upon fraud. The sufficiency of the entire second amended complaint was upheld by the lower court and was subsequently sustained by this tribunal (43 AD2d 683). Moreover, under the one motion rule of CPLR 3211 (subd [e]), the appellants have relinquished their right to challenge the second cause of action for fraud. The second cause is viable under the law of this case, and thus, the plaintiff may properly plead a conspiracy to defraud under the proposed third cause. This third cause is timely since it is governed by the six-year Statute of Limitations for fraud (CPLR 213, subd 8). At the present juncture in this proceeding, it can not be said that the lower court abused its discretion in granting the plaintiff the opportunity to serve yet another amended complaint. Nonetheless, upon any subsequent motion to amend, the lower court should ascertain whether plaintiff's repeated amendments are being precipitated by a lack of diligence on his part in ascertaining the underlying facts in the proceeding. The outer limits of discretion may have been reached with the service of this fourth amended complaint. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Nunez, JJ.