■ BOARD OF MANAGERS OF BAYBERRY GREENS CONDOMINIUM, Respondent, v BAYBERRY GREENS ASSOCIATES et al., Appellants, et al., Defendants. (And Third-Party Titles.)—In an action to recover damages for the defective construction of condominiums, the defendants Bayberry Greens Associates, Bernsim Corporation and Frenor Development Corp., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), entered October 2, 1989, as granted the plaintiff's motion for leave to serve an amended complaint and denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by adding a provision thereto striking the plaintiff's sixth cause of action asserted in the amended complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff commenced this action in 1986 against sponsors and contractors involved in the construction and sale of a condominium project known as Bayberry Greens Condominium, alleging, *inter alia,* causes of action sounding in fraudulent misrepresentation, breach of warranty and breach of contract. Following discovery proceedings, the plaintiff moved in 1989 to amend the complaint to add new causes of action and to join certain subcontractors and individuals as parties. The appellants, who are the sponsors and general contractor involved in the project, opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as it is asserted against them. The court granted the plaintiff's motion for leave to amend the complaint, with the exception of one proposed cause of action under the General Business Law. The appellants' cross motion for summary judgment was denied with leave to renew the motion after service of their answers to the amended complaint.

The appellants contend that the court erred in permitting the plaintiff to amend the complaint to include causes of action based on fraud. These causes of action were brought against newly added defendants who are not parties to this appeal. The record reveals that the appellants failed to demonstrate that they would be prejudiced by this amendment of the complaint or that the causes of action lacked merit. In general, leave to amend pleadings should be freely given absent significant prejudice to the other side (see, *Edenwald Contr. Co. v City of New York*, 60 NY2d 957), and the legal sufficiency or merits of the proposed amendments will not be examined unless the insufficiency or lack of merit is clear (see, *Sentry Ins. Co. v Kero-Sun, Inc.*, 122 AD2d 204).

The plaintiff also sought to amend the complaint to include three causes of action against the appellants based on provisions of the General Business Law. The court determined that the proposed cause of action under General Business Law § 352-e (the Martin Act) was improper, as no private cause of action is expressly or impliedly authorized by the statute (see, *CPC Intl. v McKesson Corp.*, 70 NY2d 268). However, the court failed to strike a proposed cause of action which was based on regulations promulgated by the Attorney-General to enforce the Martin Act. The plaintiff concedes on appeal that this was error. Accordingly, the order is modified by adding a provision striking the sixth cause of action asserted in the amended complaint. We find that the court did not err in permitting the plaintiff to assert a cause of action based on General Business Law § 349 (contained in General Business Law art 22-A, entitled "Consumer Protection From Deceptive Acts and Practices"). That provision permits a private cause of action, and the amended complaint alleged deceptive practices by the appellants in the advertisement and sale of the condominium units.

We further find that the court properly denied the appellants' motion for summary judgment as premature (see, *Schoenborn v Kinderhill Corp.*, 98 AD2d 831). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.