■ ROBERT RITCHIE et al., Respondents, v CARVEL CORPORATION, Appellant.—In an action, *inter alia,* to recover damages for civil racketeering, fraud and breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered May 1, 1990, as denied those branches of its cross motion which were to dismiss the first and fifth causes of action asserted in the plaintiffs' complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the cross motion which was to dismiss the first cause of action, and substituting therefor a provision granting that branch of the

cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Carvel Corporation (hereinafter Carvel) is a corporation incorporated in Delaware with its principal place of business in Westchester County. It sells its ice cream and other frozen dessert products to the public through licensed retail stores known as Carvel "Ice Cream Factories".

The plaintiffs entered into retail licensing agreements with a distributor of Carvel's products in the State of Arizona. After their businesses failed, the plaintiffs commenced an action in Federal court in Arizona against the distributor and Carvel. The action insofar as it was asserted against Carvel only was transferred to the United States District Court for the Southern District of New York, which dismissed it upon Carvel's motion. The plaintiffs then commenced this action in the Supreme Court, Westchester County.

The complaint alleges causes of action sounding in fraud and breach of contract, as well as violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961) and the Arizona Racketeer Influenced and Corrupt Organizations Act (Ariz Rev Stat § 13-2301 [D] [4] [t]). The predicate criminal acts alleged by the plaintiffs in support of their Federal claim consist of purported acts of mail and wire fraud. However, these allegations are not pleaded with the particularity required by rule 9 (b) of the Federal Rules of Civil Procedure in civil actions based upon the Federal Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO) grounded on charges of mail and wire fraud.

When, as here, allegedly fraudulent communications by mail or wire are charged as predicate RICO acts, rule 9 (b) will be satisfied if the complaint specifies the following: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud' " *(Conan Props. v Mattel, Inc.,* 619 F Supp 1167, 1172 [SD NY]).

Also, allegations of fraud that refer only to the "defendants", without connecting particular misrepresentations to the particular defendants are insufficient. Finally, if an act of wire fraud is alleged, it must be predicated on interstate communications *(see, Creed Taylor v CBS, Inc.,* 718 F Supp 1171, 1179 [SD NY]).

The plaintiffs' allegations of mail and wire fraud fail to satisfy these pleading requirements. The allegedly fraudulent communications are described, for the most part, only in general terms. Moreover, the time, place, and speaker of the alleged misrepresentations, or the documents in which they appear, are not identified with specificity. Therefore, the first cause of action asserted in the plaintiffs' complaint is dismissed.

The Arizona version of RICO, however, is broader than its Federal counterpart. All a plaintiff need allege is an injury arising out of the commission of a predicate act, one of which is a scheme or artifice to defraud, that the predicate act was committed for financial gain, and that the predicate act is chargeable under the laws of that State and punishable by imprisonment for more than one year (see, Garvin v Greenbank, 856 F2d 1392, 1396-1397).

The fifth cause of action of the plaintiffs' complaint is based upon the same allegations that form the basis of the plaintiffs' Federal RICO cause of action. It alleges that the plaintiffs have been injured by Carvel's participation in a scheme or artifice to defraud them for the purpose of inducing them to purchase Carvel franchises. The fifth cause of action further alleges that the fraudulent acts are chargeable and punishable pursuant to Arizona Revised Statutes § 13-2310, which is a class 2 felony punishable by seven years imprisonment (see, Ariz Rev Stat § 13-701). Thus, we find that the fifth cause of action of the plaintiffs' complaint is sufficient to state a cause of action under the Arizona RICO statute (Ariz Rev Stat § 13-2301 [D] [4] [t]). Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.