(March 18, 1996)

■ B.S.L. ONE OWNERS CORP., Appellant, v KEY INTERNATIONAL MANUFACTURING, INC., et al., Respondents. [640 NYS2d 135]

The Supreme Court erred when it granted in full the defendants' application for leave to file a motion pursuant to CPLR 3211 to dismiss the amended complaint. The original complaint asserted causes of action to recover damages for fraud, breach of fiduciary duty, and Martin Act (General Business Law art 23-A) violations. The defendants moved to dismiss the complaint in its entirety pursuant to CPLR 3211 (a). The Supreme Court's order, entered October 20, 1993, granted the defendants' motion "as to the cause of action asserted under the Martin Act". Thereafter, the plaintiff served an amended complaint which was essentially the same as the original complaint except that it substituted a cause of action to recover damages for deceptive practices in place of the Martin Act cause of action. Because the defendants' previous challenge to the fraud and breach of fiduciary duty causes of action was denied, the defendants were barred by the "single motion rule" from challenging these causes of action in a second motion pursuant to CPLR 3211 (a) (see, Teller v Bill Hayes, Ltd., 213 AD2d 141, 144; Schwartzman v Weintraub, 56 AD2d 517; Ross v Epstein, 26 AD2d 658). Therefore, the Supreme Court improperly granted those branches of the defendants' application which were for leave to serve a motion to dismiss the first two causes of action. Accordingly, the fraud and breach of fiduciary duty causes of action are reinstated.

The amended complaint stated a valid cause of action for deceptive practices pursuant to General Business Law §§ 349 and 350. General Business Law § 349 (h) provides that "any person who has been injured [by deceptive acts or practices in the conduct of any business] may bring an action in his [or her] own name to enjoin such unlawful act or practice". False advertising in the conduct of any business is also actionable (see, General Business Law § 350) and permits a private right of action (see, General Business Law § 350-d [3]). Moreover, the deception must relate to a consumer-oriented transaction (see, Teller v Bill Hayes, Ltd., supra, at 145). Contrary to the defendants' contention, the instant sale of securities in a cooperative corporation to the residential shareholders is a consumer-oriented transaction within the meaning of the statute and the plaintiff is a proper party to bring such an action (see, Breakwaters Townhomes Assn. v Breakwaters of Buffalo, 207 AD2d 963; Board of Mgrs. v Bayberry Greens Assocs., 174 AD2d 595). Further, the amended complaint alleged that the defendants engaged in deceptive practices in the advertisement and sale of the cooperative shares and that the shareholders were injured thereby (see, Board of Mgrs. v Bayberry Greens Assocs., supra, at 596; see also, Oswego Laborers' Local 214 Pen-

*sion Fund v Marine Midland Bank,* 85 NY2d 20, 25). Accordingly, the third cause of action is also reinstated. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.