■ ERNESTO HERRERA, Appellant, v FELICE REALTY CORP. et al., Defendants, and DYNAMIC MARKETING, INC., et al., Respondents. [804 NYS2d 397]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 7, 2004, as granted that branch of the cross motion of the defendants Dynamic Marketing, Inc. and Key Appliance, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the cross

motion of the defendants Dynamic Marketing, Inc. and Key Appliance, Inc. (hereinafter Dynamic and Key), made more than 120 days after the note of issue was filed (*see Brill v City of New York,* 2 NY3d 648, 652 [2004]; *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124 [2000]; *Kunz v Gleeson,* 9 AD3d 480, 481 [2004]). Dynamic and Key demonstrated good cause for the delay, as there was significant outstanding discovery at the time the note of issue was filed and they had yet to appear in the action. Moreover, the plaintiff amended his complaint after discovery was complete, and Dynamic and Key cross-moved for summary judgment less than two months after issue was joined on the second amended complaint (*see City of Rochester v Chiarella,* 65 NY2d 92 [1985]; *Board of Mgrs. of Bayberry Greens Condominium v Bayberry Greens Assoc.,* 174 AD2d 595 [1991]).

Further, the Supreme Court properly granted that branch of the cross motion which was for summary judgment. In opposition to Dynamic and Key's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiff at most showed that Dynamic and Key had a general awareness that debris accumulated on the warehouse floor in question, which was insufficient to charge them with constructive notice of the cardboard which was on the floor, under the theory that they had actual notice of a recurrent dangerous condition (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]; *Gloria v MGM Emerald Enters.,* 298 AD2d 355 [2002]). Since the plaintiff failed to present evidence sufficient to raise a triable issue of fact regarding the issue of notice, the Supreme Court properly granted the cross motion of Dynamic and Key for summary judgment.

The plaintiff's remaining contention is without merit. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.