ANTHONY SMITH et al., Respondents, v DELTA INTERNATIONAL MACHINERY CORP., Defendant, and JKR Associates, LLC, et al., Appellants. (And a Third-Party Action.) [893 NYS2d 580]—

The plaintiff Anthony Smith (hereinafter the injured plaintiff) allegedly was injured while using a table saw in the course of his employment at a building owned by his employer, Glenwood KSR Associates, LLC (hereinafter Glenwood), and managed by the defendant JKR Associates, LLC (hereinafter JKR Associates). The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against, among others, JKR Associates, JKR Property Management, Ed Kurtz, who was the principal and managing member of JKR Associates and Glenwood, and Vivian Bova (hereinafter together the defendants). Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that (1) the injured plaintiff was a special employee of JKR Associates and, thus, was barred from asserting claims against that entity by the exclusivity provisions of the Workers' Compensation Law; (2) the injured plaintiff was not entitled to recover damages against Kurtz personally because Kurtz had committed no wrongdoing which would justify piercing the corporate veil of JKR Associates; and (3) the defendant JKR Property Management was entitled to dismissal of the complaint insofar as asserted against it because no such company existed. The Supreme Court denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants JKR Associates, JKR Property Management, and Kurtz. We modify.

A worker "may be in the general employment of one master and the special employment of another" (*Murray v Union Ry. Co. of N.Y. City,* 229 NY 110, 112-113 [1920]). Such a relationship is formed where a worker is "transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557 [1991]). Although "[g]eneral employment is presumed to continue," that presumption may be overcome by a "clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (*Thompson v Grumman Aerospace Corp.,* 78 NY2d at 557). The central question is whether there is a "working relationship with the injured plaintiff sufficient in kind and degree so that the third party, or the third party's employer, may be deemed plaintiff's employer" (*Fung v Japan Airlines Co., Ltd.,* 9 NY3d 351, 359 [2007]).

In the case at bar, JKR Associates did not make a prima facie showing that it was entitled to judgment as a matter of law. The existence of a triable issue of fact as to who controlled the injured plaintiff's work is apparent from certain deposition

testimony submitted in support of the defendants' motion. Although the injured plaintiff testified that a JKR Associates employee, Clive Cole, was his "manager," and was the "manager of the building" where he was employed, Cole denied supervising the injured plaintiff. Moreover, Kurtz, the managing member of JKR Associates, testified that it "wasn't [Cole's] place" to direct the injured plaintiff's work. Likewise, to the extent that Kurtz controlled the injured plaintiff's work, it is unclear whether he did so in his role as the managing member of Glenwood or of JKR Associates. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against JKR Associates.

The Supreme Court erred, however, in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Kurtz. Members of a limited liability company may "be held personally liable if they participate in the commission of a tort in furtherance of company business" (*Rothstein v Equity Ventures,* 299 AD2d 472, 474 [2002]). However, such a remedy will be permitted only when it is "necessary 'to prevent fraud or to achieve equity'" (*Walkovszky v Carlton,* 18 NY2d 414, 417 [1966], quoting *International Aircraft Trading Co. v Manufacturers Trust Co.,* 297 NY 285, 292 [1948]). Furthermore, a party seeking to pierce the corporate veil "must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 142 [1993]).

In opposition to the prima facie showing that Kurtz was not liable for the alleged actions of JKR Associates, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs showed that Kurtz, as the managing member, "dominated" JKR Associates, they pointed to no evidence showing that Kurtz "fail[ed] to adhere to corporate formalities, inadequate[ly] capitaliz[ed]" JKR Associates, "commingl[ed its] assets" with those of his other companies, or "use[d] . . . corporate funds for personal use" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.,* 66 AD3d 122, 127-128 [2009] [internal quotation marks omitted]), much less that any such wrongdoing was a cause of their alleged damages.

Additionally, the defendants proffered evidence that no entity known as "JKR Property Management" existed, and that such name was never used in connection with the business of JKR

Associates. In opposition, the plaintiffs failed to raise any triable issue of fact in this regard. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against JKR Property Management should also have been granted. Covello, J.P., Santucci, Chambers and Hall, JJ., concur.