■ GULZHIYAN NESTERENKO, Appellant, v STARRETT CITY ASSOCIATES, L.P., et al., Respondents. [975 NYS2d 123]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated November 28, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action after she allegedly slipped and fell on a banana peel in the 11th floor hallway of the defendants' building. According to the plaintiff, the banana peel was located near a garbage chute, and there were several small garbage bags on the floor in front of the chute. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of it. In support of their motion, the defendants submitted, inter alia, the affidavit of a building porter, who averred that he inspected the area on the day before the plaintiff's accident, just before the end of his shift, and did not observe any garbage or debris on the floor. The Supreme Court granted the motion.

The defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it (see *Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837, 838-839 [2005]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Muniz v New York City Hous. Auth.*, 38 AD3d 628 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the plaintiff's contention, evidence that garbage bags had been left on the floor near the garbage chute on prior occasions was insufficient to raise an issue of fact as to whether the defendants had notice of a recurring dangerous condition. This evidence established only that the defendants had a general awareness that garbage bags were left on the floor near the chute, which was insufficient to charge them with notice of the particular condition that caused the plaintiff's fall (see *Kokin v Key Food Supermarket, Inc.*, 90 AD3d 850, 851 [2011]; *Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]; *Herrera v Felice Realty Corp.*, 22 AD3d 723, 724 [2005]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.