Board of Managers of Beacon Tower Condominium, Respondent, v 85 Adams Street, LLC, Appellants, et al., Defendants. [25 NYS3d 233]—

In an action, inter alia, to recover damages for breach of contract and fraud in the inducement, the defendants 85 Adams Street, LLC, 85 Adams Street Managers, LLC, Boymelgreen Family, LLC, AI Properties and Developments (USA) Corp., and Jeshayahu Boymelgreen appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 13, 2013, as denied, with leave to renew, their motion pursuant to CPLR 3012 (b) and 3211 (a) to dismiss the complaint insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was to compel them to accept service of the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the appellants' motion which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendants Boymelgreen Family, LLC, and AI Properties and Developments (USA) Corp., and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the appellants' motion which were pursuant to CPLR 3211 (a) to dismiss the 2nd, 3rd, 4th, 17th, and 18th causes of action insofar as asserted against the defendants 85 Adams Street, LLC, 85 Adams Street Managers, LLC, and Jeshayahu Boymelgreen, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

This action involves the marketing and sales of units in a condominium apartment building (hereinafter the condominium). The condominium was developed by 85 Adams Street, LLC (hereinafter the sponsor), pursuant to an offering plan. The sponsor is a single-purpose entity which was formed solely to develop the condominium and to sell the units. The condominium is 23 stories and consists of 79 residential units, one commercial unit, and one garage.

The plaintiff commenced this action on or about November 8, 2009, by service of a summons with notice against, among others, the sponsor, 85 Adams Street Managers, LLC (hereinafter Managers), Boymelgreen Family, LLC (hereinafter Boymelgreen Family), AI Properties and Developments (USA) Corp. (hereinafter AI), and Jeshayahu Boymelgreen (hereinafter Jeshayahu, and, collectively with Managers, Boymelgreen Family, and AI, the nonsponsor defendants). According to the complaint, Managers is the sole, controlling, and managing member of the sponsor. Boymelgreen Family and AI are the sole members of Managers. Jeshayahu is the sole and controlling principal of the sponsor and the general manger of Managers. The complaint alleges 18 causes of action; the 5th through 12th causes of action are not asserted against the sponsor or the nonsponsor defendants (hereinafter collectively the appellants). The crux of the allegations against the appellants is that they breached the terms of the offering plan and purchase agreements and knowingly made affirmative misrepresentations in the offering plan and purchase agreements regarding the construction and design of the condominium when some or all of the units were marketed to the public and sold to the unit owners. The complaint also alleges that the appellants disseminated marketing materials and promotional information which contained affirmative misrepresentations concerning the construction and design of the condominium for the purpose of inducing the purchase of units.

The appellants moved pursuant to CPLR 3012 (b) and 3211 (a) (1), (3), (7) and (8) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved, inter alia, to compel the appellants to accept service of the complaint. The Supreme Court denied the appellants' motion, with leave to renew, and granted that branch of the plaintiff's cross motion.

The appellants contend that the 1st, 2nd, 3rd, 4th, 13th, 14th, 15th, and 16th causes of action should have been dismissed insofar as asserted against the nonsponsor defendants because the complaint fails to allege facts sufficient to pierce the corporate veil so as to impose liability against those defendants. The appellants correctly contend that a member of a limited liability company will not be held liable for the liabilities of the company solely by reason of being a member of the company or acting in such capacity or participating in the conduct of the business of the company (see Limited Liability Company Law § 609 [a]). "[M]embers of limited liability companies, such as corporate officers, may be held personally liable if they participate in the commission of a tort in further-

ance of company business" (*Rothstein v Equity Ventures*, 299 AD2d 472, 474 [2002]; *see 277 Mott St. LLC v Fountainhead Constr. LLC*, 83 AD3d 541 [2011]; *Peguero v 601 Realty Corp.*, 58 AD3d 556, 558 [2009]).

The complaint alleges that Jeshayahu and Managers are the principal and the managing member, respectively, of the sponsor, that they executed the certification page of the offering plan, and that they directly participated in the transactions at issue by virtue of their control of the sponsor. Such allegations are sufficient to support the claim that Jeshayahu and Managers participated in the commission of a tort as alleged, and that they are, therefore, not insulated from liability by Limited Liability Company Law § 609 (a) (*see Kew Gardens Hills Apt. Owners, Inc. v Horing Welikson & Rosen, P.C.*, 35 AD3d 383, 386 [2006]; *Birnbaum v Yonkers Contr. Co.*, 272 AD2d 355, 357 [2000]; *Zanani v Savad*, 228 AD2d 584 [1996]). Accordingly, the Supreme Court properly denied those branches of the appellants' motion which were pursuant to CPLR 3211 (a) to dismiss the 1st, 2nd, 3rd, 4th, 13th, 14th, 15th, and 16th causes of action insofar as asserted against Jeshayahu and Managers.

However, the mere fact that Boymelgreen Family and AI are members of Managers, a limited liability company, is insufficient to impose liability upon them (*see* Limited Liability Company Law § 609 [a]). Managers is a separate legal entity from its members (*see generally Sheridan Broadcasting Corp. v Small*, 19 AD3d 331 [2005]). A member of a limited liability company "cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof" (*Grammas v Lockwood Assoc., LLC*, 95 AD3d 1073, 1074 [2012] [internal quotation marks omitted]; *see Smith v Delta Intl. Mach. Corp.*, 69 AD3d 840, 842 [2010]; *see also* Limited Liability Company Law §§ 609, 610). "[A] party may seek to hold a member of an LLC individually liable despite this statutory proscription by application of the doctrine of piercing the corporate veil" (*Grammas v Lockwood Assoc., LLC*, 95 AD3d at 1074-1075).

To state a cause of action under the doctrine of piercing the corporate veil, the "plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation [or LLC] and 'abused the privilege of doing business in the corporate [or LLC] form to perpetrate a wrong or injustice' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011], quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see Grammas v Lockwood Assoc., LLC*, 95 AD3d at 1075). "Factors to be considered in

determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds" (*Grammas v Lockwood Assoc., LLC*, 95 AD3d at 1075).

Here, the allegations in the complaint impermissibly seek to extend liability to Boymelgreen Family and AI simply by virtue of their status as members of Managers. The plaintiff's allegations that Boymelgreen Family and AI, as "sole members of Managers," directly participated in the transactions at issue, without more, are conclusory at best and, thus, insufficient to extend liability to them. The plaintiff failed to allege any facts sufficient to justify piercing the corporate veil with respect to Boymelgreen Family and AI (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the 1st, 2nd, 3rd, 4th, 13th, 14th, 15th, and 16th causes of action insofar as asserted against Boymelgreen Family and AI.

The appellants correctly contend that the 2nd cause of action, which alleges breach of the common-law implied housing merchant warranty (hereinafter the common-law housing warranty), must be dismissed insofar as asserted against the sponsor, Managers, and Jeshayahu, since General Business Law article 36-B, which codified the common-law housing warranty, applies only to new single-family homes or new for-sale units in a multi-unit residential structure of five stories or less, and not the 23-story condominium at issue (*see* General Business Law § 777 [5]). The common-law housing warranty embodied in *Caceci v Di Canio Constr. Corp.* (72 NY2d 52 [1988]) was supplanted by General Business Law article 36-B (*see Fumarelli v Marsam Dev.*, 92 NY2d 298 [1998]). The statutory housing merchant warranty scheme codified under General Business Law article 36-B applies only to buildings of five stories or less, and not to the subject condominium, and the ruling in *Fumarelli* abrogates whatever common-law housing warranty may have existed with respect to buildings taller than five stories prior to the statutory codification (*see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC*, 109 AD3d 733 [2013]). Accordingly, the 2nd cause of action must be dismissed insofar as asserted against the sponsor, Managers, and Jeshayahu pursuant to CPLR 3211 (a) (7).

The appellants also contend that the 3rd, 4th, and 13th causes of action, which allege fraud in the inducement, negligent misrepresentation, and violations of General Busi-

ness Law §§ 349 and 350, respectively, must be dismissed insofar as asserted against the sponsor, Managers, and Jeshayahu as duplicative of the 1st cause of action, which alleges breach of contract. The appellants argue that the 3rd, 4th, and 13th causes of action merely allege breaches of the offering plan and/or the purchase agreements, and the complaint fails to allege any duties of care owed by the appellants that are separate and independent of the sponsor's contractual obligations under the offering plan. "A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract" (*WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). A breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 526 [2008]; *see e.g. Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 643 [2011]). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d at 389). Similarly, "[a] claim for negligent misrepresentation is not separate from a breach of contract claim where the plaintiff fails to allege a breach of any duty independent from contractual obligations" (*Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC*, 116 AD3d 506, 507 [2014]). A legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship, and in such instances, it is policy, not the parties' contract, that gives rise to a duty of care (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551-552 [1992]). The nature of the injury, the manner in which the injury occurred, and the resulting harm are all relevant factors in considering whether claims alleging breach of contract and tort may exist side by side (*see id.* at 552).

Here, the complaint fails to allege facts that would give rise to a duty owed to the plaintiff, or to the unit owners, independent of the duty imposed by the offering plan and purchase agreements (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC*, 116 AD3d at 507; *Verizon N.Y., Inc. v Optical Communications Group, Inc.*, 91 AD3d 176, 182 [2011]). Therefore, the 3rd and 4th causes of action, which allege fraud in the inducement and negligent misrepresentation, respectively, must be dismissed insofar as asserted against the sponsor, Managers, and Jeshayahu as duplicative of the 1st cause of action, which alleges breach of contract.

In contrast, the 13th cause of action, which alleges violations of General Business Law §§ 349 and 350, is not duplicative of the breach of contract cause of action, since those claims are based upon alleged misrepresentations made in the promotional material used to market the condominium, and the 13th of action should not be dismissed on that ground. Moreover, the plaintiff has sufficiently alleged a consumer-oriented transaction involving deceptive practices in the advertisement and sale of condominium units to state a cause of action under General Business Law §§ 349 and 350 (*see B.S.L. One Owners Corp. v Key Intl. Mfg.*, 225 AD2d 643, 644 [1996]; *Board of Mgrs. of Bayberry Greens Condominium v Bayberry Greens Assoc.*, 174 AD2d 595, 596 [1991]).

The appellants also contend that the 17th and 18th causes of action, which allege violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.* [hereinafter RICO]), must be dismissed insofar as asserted against them since the plaintiff failed to plead these claims with the requisite specificity. The crux of the allegations supporting these causes of action is that the appellants fraudulently filed a "TR1: Technical Statement of Responsibility" form with the New York City Department of Buildings in order to obtain a temporary certificate of occupancy (hereinafter TCO). The sponsor could not close on the sale of any units without the TCO. The plaintiff alleges that, upon receipt of the TCO under false pretenses, every closing notice sent by mail to prospective buyers or payment sent by mail or wire to close on the units was a predicate act of mail and wire fraud.

"To establish mail fraud as a RICO predicate act, a plaintiff must demonstrate that defendants knowingly or intentionally participated in a 'scheme to defraud' using the U.S. mails 'in furtherance of the scheme' " (*Buyers & Renters United to Save Harlem v Pinnacle Group N.Y. LLC*, 575 F Supp 2d 499, 508 [SD NY 2008], quoting *S.Q.K.F.C., Inc. v Bell Atl. TriCon Leasing Corp.*, 84 F3d 629, 633 [2d Cir 1996]). "[T]he complaint must allege the content of the fraudulent communication, who made and received the communication, where and when it took place, and describe why the information transmitted was fraudulent. Finally, the complaint must provide some minimal factual basis that gives rise to a strong inference of fraudulent intent" (*Buyers & Renters United to Save Harlem v Pinnacle Group N.Y. LLC*, 575 F Supp 2d at 508 [internal quotation marks and citations omitted]; *see Ritchie v Carvel Corp.*, 180 AD2d 786, 787-788 [1992]). Here, the complaint fails to plead the RICO causes of action with sufficient particularity (*see*

CPLR 3016 [b]). It fails to allege the content of the communications, or describe why the information transmitted was fraudulent. While information peculiarly within the opposing party's knowledge may be pleaded generally, or upon information and belief (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]), the allegations must be accompanied by a statement of the facts upon which the belief is based (*see DiVittorio v Equidyne Extractive Indus., Inc.*, 822 F2d 1242, 1247 [2d Cir 1987]). Here, the allegations in the complaint do not provide any facts upon which the belief is based.

Furthermore, the complaint fails to allege facts demonstrating an agreement between the sponsor and the nonsponsor defendants to engage in a pattern of racketeering activity (*see Crawford v Franklin Credit Mgt. Corp.*, 758 F3d 473, 487 [2d Cir 2014]), or that the transactions at issue had an effect on interstate commerce (*see DeFalco v Bernas*, 244 F3d 286, 309 [2d Cir 2001]; *cf. United States v Atcheson*, 94 F3d 1237, 1243 [9th Cir 1996]; *United States v Muskovsky*, 863 F2d 1319, 1325 [7th Cir 1988]).

Accordingly, the Supreme Court should have directed the dismissal of the 17th and 18th causes of action insofar as asserted against the appellants.

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.