16-0615-cv
ITT Corp., et al. v. Patrick P. Lee, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY
                              *Circuit Judges*,

------------------------------------------------------------------------

ITT CORPORATION, ITT ENIDINE INC., INTERNATIONAL MOTION CONTROL INC.,

                              *Plaintiffs-Appellants*,

CLEVELAND MOTION CONTROLS, INC., NOW KNOWN AS ITT TORQUE SYSTEMS,

                              *Plaintiff*,

                    v.                                                                    No.    16-0615-cv

PATRICK P. LEE, MICHAEL A. SIINO, E. WAYNE FOLEY,

                              *Defendants-Appellees*.

------------------------------------------------------------------------

  FOR PLAINTIFFS-APPELLANTS:                 RUSSELL S. JONES, JR., (Ronald M. Daignault, *on the brief*), Polsinelli PC, Kansas City, Missouri *and* New York, New York.

1

FOR DEFENDANTS-APPELLEES:                    ROBERT J. LANE, JR., (Cynthia Giganti
                                             Ludwig, *on the brief*), Hodgson Russ
                                             LLP, Buffalo, New York.

Appeal from the February 8, 2016 judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On September 7, 2007, ITT Corporation acquired International Motion Control Inc. ("IMC"), and its subsidiaries Enidine Incorporated ("Enidine") and Cleveland Motion Controls, Inc., through a merger agreement (the "Agreement"). The Agreement transferred the rights to numerous patents, including U.S. Patent No. 7,131,367 ("the '367 Patent"),[1] to ITT. IMC warranted that, "to the Knowledge of the Company," those patents were valid and enforceable. App'x at 37. "Knowledge of the Company" was defined as "the actual knowledge, after reasonable investigation . . . of responsible managerial employees" including the defendants, who were executives of the acquired companies. *Id.* at 86. In 2012, defendant Patrick P. Lee became associated with Kyntec Corporation and is now Chairman of Kyntec's Board of Directors. At the time of the Agreement, Lee was Chairman and CEO of IMC, as well as its "Stockholders' Representative," and signed the Agreement in those capacities. *Id.* at 131.

In April 2014, Kyntec commenced an action in the Western District of New York, seeking a declaratory judgment that the '367 Patent and its claims were invalid and unenforceable.[2] In response, the plaintiffs brought the instant suit on April 8, 2015 against the defendants—alleging (1) breach of contract, (2) intentional breach of contract, (3) fraud, and (4) breach of fiduciary duty—in connection with the defendants' alleged obligation under the Agreement to make a reasonable investigation of IMC's patents' validity and enforceability. The Plaintiffs-Appellants appeal the district court's grant of the defendants' motion to dismiss all claims. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"We review the grant of a motion to dismiss *de novo*." *Fahs Constr. Grp, Inc. v. Gray*, 725 F.3d 289, 290 (2d Cir. 2013) (per curiam). We "accept all factual claims in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Id.* (quoting

---

[1] The '367 Patent concerns a recoil damper design for firearms. App'x at 169.

[2] On January 25, 2016, the United States Patent and Trademark Office issued an *Ex Parte* Reexamination Certificate, confirming the patentability of all the '367 Patent's claims. The parties filed a joint notice in the declaratory judgment action in which ITT Enidine Inc. represented that it would not appeal the Office's confirmation of the patentability of the '367 Patent to any court or agency. *See* Joint Notice ¶ 4, Kyntec Corp. v. ITT Enidine Inc., No. 14 Civ. 271 (W.D.N.Y. Jan. 26, 2016), ECF No. 73.

2

*Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 107 (2d Cir. 2012)) (internal quotation marks omitted).

## 1. Obligations Under the Agreement

In Section 3.12 of the Agreement, IMC warranted that "to the Knowledge of the Company," the intellectual property being transferred was valid and enforceable. App'x at 37. The Agreement defined "Knowledge of the Company" as "the actual knowledge, after reasonable investigation" of various managerial employees including the defendants. *Id.* at 86. Notably, Section 11.8 stated that no past, present, or future officer, employee, or stockholder "shall have any liability for any obligations or liabilities of the Company or the Stockholders' Representative under this Agreement." *Id.* at 78.

The plaintiffs contend that Section 11.8 does not bar their claims, because they allege that defendants breached *their own* obligations under the Agreement, rather than IMC's. Indeed, each count of the Amended Complaint alleges that the defendants breached individual obligations and duties under the Agreement to perform reasonable investigations of patent validity. The defendants contend that no such individual obligations exist under the contract. We agree. Section 3.12—which plaintiffs allege created a duty for the defendants—specifically sets out the "Representations and Warranties" *of IMC*, not the defendants. Article IV of the Agreement specifies the "Representations and Warranties" of the stockholders individually and does not include any obligation to reasonably investigate the validity of any intellectual property. *Id.* at 48–50. Meanwhile, although the "Definitions and Defined Terms" section of the Agreement contemplates "reasonable investigation" by the defendants, it does not explicitly impose any obligation on the defendants to engage in such investigation. We therefore hold that the Agreement did not impose an obligation on defendants to reasonably investigate the intellectual property's validity. Since the plaintiffs' claims are premised upon the existence of such an obligation, their claims necessarily fail.

## 2. Statute of Limitations

Even assuming *arguendo* that the defendants *did* have obligations to reasonably investigate, we agree with the district court that the plaintiffs' claims are time-barred.

The merger closed on September 7, 2007. Plaintiffs commenced this action on April 7, 2015—over seven years later. Section 9.4(f) of the Agreement stipulates that representations and warranties of the Parties survive for two years after the closing date, or five years for warranties and representations regarding "Fundamental Matters." *Id.* at 71. Section 9.4(g) provides an exception in cases of fraud, intentional breach, or willful misconduct—in which case a longer statute of limitations could govern. Even assuming that Section 9.4(g) applies, plaintiffs commenced this action outside of New York's six-year statute of limitations for breach of contract, *see* N.Y. C.P.L.R. § 213(2).

Plaintiffs contend that their breach of contract claims are nonetheless timely because ITT did not know of the alleged breach until 2014. However, New York does not apply the discovery rule to the statute of limitations in contract actions. *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 36 N.E.3d 623, 628 (N.Y. 2015). Instead, the limitations period "begins to run from the time when liability for [the] wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury." *Id.* (internal quotation mark omitted).

Plaintiffs further argue that their breach of contract claims are timely because they are subject to equitable tolling. The district court declined to equitably toll the plaintiffs' claims. We review that decision for abuse of discretion. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). Equitable tolling is warranted only in rare and exceptional circumstances. *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011). A litigant seeking equitable tolling must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). We find that the district court did not abuse its discretion in concluding that the plaintiffs had not alleged such an extraordinary circumstance, especially where the plaintiffs have failed both on appeal and below to allege *any* diligence during the limitation period. Thus, we find the plaintiffs' contract claims untimely.

Plaintiffs seek to avoid the time bar by pleading an actual fraud claim. Under New York law, actions based on fraud have a limitations period of six years *or* two years from the time the plaintiff discovered the fraud. N.Y. C.P.L.R. § 213(8). However, "[w]hen a fraud claim is incidental to another asserted claim, the claim does not sound in fraud for purposes of taking advantage of the longer limitations period." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 545 (2d Cir. 1999). A fraud action is not incidental to another claim "only when: (1) the fraud occurred separately from and subsequent to the injury forming the basis of the alternate claim; and (2) the injuries caused by the fraud are distinct from the injuries caused by the alternate claim." *Id.* The alleged fraud did not occur separate from and subsequent to the alleged breach of contract. In fact, the claims rest upon violation of the exact same contractual provisions, and the plaintiffs allege no subsequent fraudulent conduct. Moreover, the alleged injuries caused are plainly not distinct, given that the Amended Complaint lists identical damages for the fraud and breach of contract claims. Therefore, the plaintiffs are not entitled to take advantage of the longer limitations period for fraud claims.

The plaintiffs further claim that their intentional breach of contract claims sound in tort. In New York, "a tort cause of action cannot accrue until an injury is sustained." *Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 292 (N.Y. 1993). Plaintiffs' claims might be

4

deemed timely under that standard.[3] However, their claims do not sound in tort. "A breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Bd. of Managers of Beacon Tower Condo. v. 85 Adams St., LLC*, 25 N.Y.S.3d 233, 239 (N.Y. App. Div. 2016); *see also New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 767 (N.Y. 1995) ("[D]efendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations."). The plaintiffs allege no such independent legal duty. Their claims are based on the defendants' alleged breach of their purported *contractual* duty to perform a reasonable investigation of IMC's intellectual property. Since the plaintiffs' claims do not sound in tort, they are not entitled to the statute of limitations applicable to tort claims. *See Corcoran*, 202 F.3d at 544–45 ("In applying a Statute of Limitations it is basic that one look[s] to the essence of plaintiff's claim and not to the form in which it is pleaded." (quoting *State v. Cortelle Corp.*, 341 N.E.2d 223, 224 (N.Y. 1975)) (internal quotation marks omitted)).

Lastly, the plaintiffs' fiduciary duty claim is also time-barred. In New York, breach of fiduciary duty claims seeking money damages are subject to a three-year statute of limitations under N.Y. C.P.L.R. § 214(4). *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 272 (N.Y. 2009). However, "where an allegation of fraud is essential to a breach of fiduciary duty claim," courts have instead applied N.Y. C.P.L.R. § 213(8)—which includes a two-year discovery rule. *Id.* Plaintiffs assert that their fiduciary duty claim is based on an allegation of fraud. We disagree. As with plaintiffs' other claims, plaintiffs' fiduciary duty claim is, in essence, a breach of contract claim, refashioning alleged violations of purported contractual obligations as breaches of fiduciary duty. Fraud is not essential to the claim.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The plaintiffs argue that their alleged tort action is timely because they were "unaware of Appellees' intentionally fraudulent conduct" prior to Kyntec's filing suit in April 2014. Appellant's Br. at 16. However, in New York, tort claims accrue at the date injury was sustained rather than the date plaintiff discovered the injury. *Kronos*, 612 N.E.2d at 292. Plaintiffs' alleged injuries include "significant patent maintenance fees and other fees paid in connection with the Registered Intellectual Property." App'x at 149. If such alleged injuries occurred more than six years prior to commencement of this action, the plaintiffs' claims would be untimely even if construed as tort claims.