Turane v MGN, LLC (2019 NY Slip Op 02581)





Turane v MGN, LLC


2019 NY Slip Op 02581


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-11934
 (Index No. 10555/08)

[*1]Tim Turane, appellant, 
v
MGN, LLC, etc., et al., defendants, Muhamet Nikezi, et al., respondents.


Frederick W. Altschuler, Garden City, NY (Daniel P. Trunk of counsel), for appellant.
Daniel R. Miller, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered October 3, 2016. The order, insofar as appealed from, granted the cross motion of the defendants Muhamet Nikezi and Naim Nezaj for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 26, 2006, the plaintiff was attacked and injured by the defendant Alexander Payne, who wielded a knife, inside a nightclub. The nightclub was operated by the defendant MGN, LLC (hereinafter MGN), a limited liability company licensed in New York. The defendants Muhamet Nikezi and Naim Nezaj were members of the company. In April 2008, the plaintiff commenced this action to recover damages for personal injuries alleging, inter alia, that MGN, Nikezi, and Nezaj (hereinafter collectively the MGN defendants) failed to provide adequate security.
On August 24, 2010, the parties entered into a stipulation that motions for summary judgment would be filed no later than November 24, 2010. In October 2010, the attorneys retained by the insurance company for the MGN defendants moved by order to show cause to be relieved as counsel on the grounds that the insurer disclaimed coverage and withdrew from defending the MGN defendants in this action. An order to show cause signed by the Supreme Court on November 8, 2010, contained a provision staying the action; however, the duration of the stay was unclear. Nonetheless, in an order dated March 24, 2011, the court granted the attorneys' motion to withdraw, and stayed the action in order to give the MGN defendants the opportunity to retain new counsel. Nikezi and Nezaj retained new counsel. Thereafter, the plaintiff moved four times to lift the stay, but, for varying reasons, the court denied the motions. Nikezi and Nezaj twice cross-moved for summary judgment dismissing the complaint insofar as asserted against them, and the court denied the cross motions with leave to renew.
On or about March 30, 2016, the plaintiff moved, inter alia, for the fifth time to lift the stay. Nikezi and Nezaj cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the basis that they could not be held personally liable as members of the company. The plaintiff opposed the motion, inter alia, on the ground that it was untimely. In an order entered October 3, 2016, the Supreme Court, inter alia, lifted the stay and granted Nikezi and Nezaj's cross motion for summary judgment dismissing the complaint insofar as asserted against [*2]them. The plaintiff appeals from so much of that order as granted Nikezi and Nezaj's cross motion.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining the merits of the cross motion. The court properly considered the two prior stays in the action, and that it had granted leave to renew the prior cross motions for summary judgment, prior to considering the merits of the cross motion.
On the merits, we agree with the Supreme Court's determination to grant Nikezi and Nezaj's cross motion for summary judgment dismissing the complaint insofar as asserted against them. "[A] member of a limited liability company will not be held liable for the liabilities of the company solely by reason of being a member of the company or acting in such capacity or participating in the conduct of the business of the company" (Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 681-682; see Limited Liability Company Law § 609[a]). However, " members of limited liability companies, such as corporate officers, may be held personally liable if they participate in the commission of a tort in furtherance of company business'" (Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d at 681-682, quoting Rothstein v Equity Ventures, 299 AD2d 472, 474). Here Nikezi and Nezaj established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them through evidence demonstrating that MGN was the company that operated the nightclub and that they were not personally involved in the incident (see Lawlor v Hoffman, 59 AD3d 499, 500). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court