Soller v Dahan (2019 NY Slip Op 04441)





Soller v Dahan


2019 NY Slip Op 04441


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-09199
 (Index No. 514145/16)

[*1]Lindon F. Beraun Soller, appellant, 
v
Isaac Dahan, et al., defendants, Yosef Rapaport, et al., respondents.


William Pager, Brooklyn, NY, for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Kimberly A. Ricciardi of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated August 2, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Yosef Rapaport and SNBD Enterprises, LLC, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Yosef Rapaport and SNBD Enterprises, LLC, which were pursuant to CPLR 3211(a) to dismiss the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was an automobile mechanic employed at an automobile repair shop. The defendant Isaac Dahan, the plaintiff's supervisor, would sometimes direct the shop's employees to do minor work at a newly constructed building (hereinafter the building) allegedly owned by Dahan. According to the complaint, on February 18, 2016, the plaintiff accompanied Dahan to the building, where they met the defendant Yosef Rapaport. Rapaport was a partner of the defendant SNBD Enterprises, LLC (hereinafter SNBD), which served as the construction manager/general contractor during the construction of the building. Dahan and Rapaport allegedly directed the plaintiff to move an overhead light from one place in the ceiling to another and told him to use an electrical saw to cut the sheetrock in the ceiling. While the plaintiff was in the process of performing this task, the electrical saw, which allegedly was an improper and dangerous piece of equipment for the task at hand, struck something and "kicked back," injuring the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240, and 241, and common-law negligence. Rapaport and SNDB (hereinafter together the moving defendants) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The Supreme Court granted those branches of the motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, " [w]e accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Wilson v Dantas, 29 NY3d 1051, 1056-1057, quoting Leon v Martinez, 84 NY2d 83, 87-88). " In assessing a motion under CPLR 3211(a)(7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint'" (Carlson v American Intl. Group, Inc., 30 NY3d 288, 298, quoting Leon v Martinez, 84 NY2d at 88). When evidentiary material is considered in connection with a motion to dismiss pursuant to CPLR 3211(a)(7), " the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (People v Credit Suisse Sec. [USA] LLC, 31 NY3d 622, 644, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
The Supreme Court should have denied those branches of the moving defendants' motion which were to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. "Labor Law § 200 essentially codifies landowners' and general contractors' common-law duty to maintain a safe workplace'" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). "Where a plaintiff's claims implicate the means and methods of the work, an owner or contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work. General supervisory authority to oversee the progress of the work is insufficient to impose liability. A defendant has the authority to control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958 [citations and internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505).
Here, as supplemented by the plaintiff's affidavit, the complaint states cognizable causes of action pursuant to Labor Law § 200 and to recover damages for common-law negligence. The plaintiff averred that on the day of the accident, Rapaport, whom he knew as the "contractor," directed the plaintiff to move an overhead light from one place in the ceiling to another and told him to use an electrical saw to cut the sheetrock in the ceiling. These allegations are sufficient to support the statutory and common-law negligence claims against the moving defendants, and the moving defendants' documentary evidence does not utterly refute these allegations (see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 681-682; Peguero v 601 Realty Corp., 58 AD3d 556, 559).
We agree with the Supreme Court's determination to grant those branches of the moving defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging violations of Labor Law §§ 240 and 241 insofar as asserted against them for failure to state a cause of action. The plaintiff did not allege that his injuries were the result of an elevation-related risk, or of the violation of any provision of the Industrial Code (see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court