■ ADRIAN C. NUZZO et al., Respondents-Appellants, v. THORNWOOD ACRES "B", INC., Appellant-Respondent.— In an action by three purchasers (and their respective spouses) of one-family homes from the defendant, a building and real estate development corporation, to recover damages (a) for breach of a covenant against the grantor's acts contained in the deed to each purchaser; and (b) for fraudulent concealment of a contract between the defendant and the Village of Pleasantville relating to assessments for extension of a sewer, the parties cross-appeal as follows from an order of the County Court, Westchester County, dated May 7, 1962: (1) Defendant appeals from so much of said order as granted the plaintiffs' motion to the extent of directing summary judgment to plaintiffs on their respective causes of action based on the covenant. (2) Plaintiffs appeal from so much of said order as granted the defendant's cross motion to the extent of directing summary judgment in defendant's favor dismissing the plaintiffs' respective causes of action based on fraud. Defendant also appeals from the judgment of said court in favor of the plaintiffs, entered May 10, 1962 pursuant to said order. Order reversed, without costs; plaintiffs' motion for summary judgment and defendant's cross motion for summary judgment denied *in toto*; and the judgment in favor of the plaintiffs vacated, without costs. In our opinion, an issue of fact is presented as to whether the defendant's contract with the Village of Pleasantville, dated July 15, 1959, caused the trustees of said village to extend the sewer or whether, in any event, they would have done so pursuant to their independent statutory power. If it be assumed that they did so independently but apportioned the expense in accordance with the contract, damage would accrue only if the assessments are larger than they would have been if no contract had been made. Further, it was not established that plaintiffs had paid the assessments or any part thereof. They can recover only for what they paid (*McGuckin* v. *Milbank*, 152 N. Y. 297; *Dininny* v. *Brown*, 148 App. Div. 671). Plaintiffs' assertion, to wit: that their concessions of *scienter* as to the sewer extension and the contract of July 15, 1959 (concessions which do not appear in the record and which apparently were oral) related to the covenant causes *only*, should be accepted where, as here, proof to the contrary is lacking and the order under review recites no such concessions with respect to the fraud causes. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.