■ JOSEPH SCHOTTLAND et al., Respondents, v BROWN HARRIS STEVENS BROOKLYN, LLC, et al., Defendants, and JENNY NETZER, Individually and as Executrix of DICK NETZER, Deceased, et al., Defendants/Third-Party Plaintiffs-Respondents. TIMOTHY M. COSTELLO, ESQ., Third-Party Defendant-Appellant. [27 NYS3d 634]—

In an action, inter alia, to recover damages for breach of a covenant against grantor's acts, the third-party defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated January 29, 2014, which denied his motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the third-party defendant pursuant to CPLR 3211 (a) to dismiss the third-party complaint is granted.

This action arises out of the sale in 2010 of a residential property located on Clinton Street in Brooklyn, by the defendants/third-party plaintiffs, Jenny Netzer and Carol R. Nezter (hereinafter together the sellers), to the plaintiffs. The deed for the property delivered to the plaintiffs contained a covenant against grantor's acts, pursuant to which the sellers asserted that they had not done anything to encumber the property in any way (*cf.* Real Property Law § 253 [6]). The deed did not acknowledge the existence of a conservation easement on the property which the sellers had previously executed in favor of a third party. The plaintiffs subsequently commenced this action against, among others, the sellers. The only cause of action remaining against the sellers alleges breach of the covenant against grantor's acts set forth in the sellers' deed to the plaintiffs (*see Schottland v Brown Harris Stevens Brooklyn, LLC*, 107 AD3d 684 [2013]).

The sellers commenced a third-party action against the third-party defendant, Timothy M. Costello, the attorney who repre-

sented them with regard to the sale of the subject property and who drafted the deed. The third-party complaint asserted causes of action to recover from Costello any sum which the plaintiffs may recover against them in the main action on theories of common-law contribution and indemnification. Costello moved to dismiss the third-party complaint pursuant to CPLR 3211 (a), and the Supreme Court denied the motion.

On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction (see CPLR 3026). The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

"[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute" (Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26 [1987], quoting CPLR 1401). CPLR 1401 does not apply to a breach of contract cause of action where the only potential liability to the plaintiff is for the contractual benefit of the bargain (see Sommer v Federal Signal Corp., 79 NY2d 540, 557 [1992]; Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d at 28; Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp., 84 AD3d 1349, 1350 [2011]). In the main action, the plaintiffs' potential recovery against the sellers is limited to the purely economic loss, if any, resulting from the sellers' alleged breach of the covenant against grantor's acts by encumbering the property with a conservation easement (see McGuckin v Milbank, 152 NY 297, 302 [1897]; 487 Elmwood v Hassett, 161 AD2d 1171 [1990]; Nuzzo v Thornwood Acres "B", 18 AD2d 1000 [1963]). Consequently, the sellers cannot maintain a cause of action against Costello for contribution (see Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318, 324 [2009]; Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 897 [2003]; Rothberg v Reichelt, 270 AD2d 760, 762 [2000]).

Common-law or implied indemnification " 'permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party' " (Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1077 [2007], quoting 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1999]; see Bivona v Danna & Assoc., P.C., 123 AD3d 956, 957 [2014];

*Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 796 [2007]). However, in this case, any potential liability of the sellers in the main action would be the result of their own affirmative act of encumbering the property with a conservation easement in 2002, rather than Costello's alleged negligent drafting of the deed. Since the sellers do not allege that Costello played any role in the conveyance of the conservation easement, which is the basis for their potential liability, the third-party complaint does not adequately plead a cause of action for common-law indemnification against him.

Finally, despite the sellers' assertions to the contrary, the third-party complaint seeks recovery against Costello upon a theory sounding largely in legal malpractice. To the extent that it does, Costello demonstrated that any claim for legal malpractice would be time-barred by the expiration of the applicable statute of limitations (*see* CPLR 214 [6]).

Under these circumstances, the Supreme Court should have granted Costello's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.