Oceanview Assoc., LLC v HLS Bldrs. Corp. (2020 NY Slip Op 03519)





Oceanview Assoc., LLC v HLS Bldrs. Corp.


2020 NY Slip Op 03519


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-13280
2019-05358
 (Index No. 51687/18)

[*1]Oceanview Associates, LLC, appellant,
v
HLS Builders Corp., et al., respondents, et al., defendants.


Michael R. Koenig, New Rochelle, NY (Robert Dashow of counsel), for appellant.
Seiger Gfeller Laurie LLP, New York, NY (Gary Strong of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated October 11, 2018, and (2) an order of the same court dated March 18, 2019. The order dated October 11, 2018, insofar as appealed from, granted those branches of the motion of the defendants HLS Builders Corp. and Henry Landsman which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for negligence and fraud insofar as asserted against them. The order dated March 18, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of the motion of the defendants HLS Builders Corp. and Henry Landsman which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for fraud insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action in February 2018 to recover damages for an allegedly defectively constructed parapet wall on the roof of a multi-unit residential building. The building was constructed in 2002. The plaintiff discovered the allegedly defective parapet wall in 2016. The plaintiff brought this action against, among others, the defendant HLS Builders Corp., which had served as the general contractor and superintendent of construction on the construction project, and its president Henry Landsman (hereinafter together the Landsman defendants). The complaint asserted causes of action, inter alia, to recover damages for breach of contract, negligence, and fraud.
The Landsman defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated October 11, 2018, the Supreme Court, among other things, directed the dismissal of the causes of action to recover damages for negligence and fraud insofar as asserted against the Landsman defendants on the grounds that the allegations underlying those causes of action were the same as the allegations underpinning the breach of contract cause of action. The plaintiff moved for leave to renew, inter alia, its opposition to that branch of the Landsman defendants' motion which was to dismiss the cause of action to recover [*2]damages for fraud insofar as asserted against them. In an order dated March 18, 2019, the court denied the motion on the ground that the plaintiff did not offer any reasonable justification for failing to present the new facts on the prior motion. The plaintiff appeals from both orders.
"[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [citations omitted]). "Put another way, where the damages alleged were clearly within the contemplation of the written agreement . . . [m]erely charging a breach of a duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711, quoting Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 390). Here, the complaint did not allege facts that would give rise to a duty owed to the plaintiff that is independent of the duty imposed by the parties' contract. Accordingly, we agree with the Supreme Court's determination granting that branch of the Landsman defendants' motion which was to dismiss the cause of action to recover damages for negligence insofar as asserted against them (see Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1259; Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc., 163 AD3d 971, 974).
Similarly, "where . . . a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie" (McKernin v Fanny Farmer Candy Shops, 176 AD2d 233, 234; see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 757; Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527). Here, the allegations upon which the cause of action sounding in fraud were based were the same as those underlying the cause of action alleging breach of contract and amounted to nothing more than a failure to perform under the contract (see Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951-952; Breco Envtl. Contrs., Inc. v Town of Smithtown, 307 AD2d 330, 332; Middle Country Cent. School Dist. v O'Healy Constr. Corp., 230 AD2d 777, 778). Accordingly, we agree with the Supreme Court's determination granting that branch of the Landsman defendants' motion which was to dismiss the cause of action to recover damages for fraud insofar as asserted against them.
The plaintiff's arguments concerning the statute of limitations are misplaced, as the Supreme Court did not dismiss the causes of action to recover damages for negligence and fraud on statute of limitations grounds.
As relevant here, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation, and the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020 [citations omitted]; see Deutsche Bank Natl. Tr. Co. v Elshiekh, 179 AD3d 1017, 1020; Matter of Dziubkowski, 179 AD3d 918, 918-919; Caronia v Peluso, 170 AD3d 649, 651). As the plaintiff failed to provide a reasonable justification for failing to offer the new evidence on the Landsman defendants' original motion, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of the Landsman defendants' motion which was to dismiss the cause of action to recover damages for fraud insofar as asserted against them.
MASTRO, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court