Mann v Sasson (2020 NY Slip Op 04737)





Mann v Sasson


2020 NY Slip Op 04737


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-00137
 (Index No. 31259/17)

[*1]Howard Mann, etc., respondent, 
v
Uri Sasson, et al., defendants, Ricki H. Berger, et al., appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Jamie R. Wozman and Mark K. Anesh of counsel), for appellants.
Howard Mann, New City, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Ricki H. Berger and Ricki H. Berger, P.C., appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 23, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, alleging breach of fiduciary duty against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Ricki H. Berger and Ricki H. Berger, P.C., which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, alleging breach of fiduciary duty against them, is granted.
The complaint alleges that the plaintiff's decedent, Philip Mann (hereinafter the decedent), and the defendants Uri Sasson and Arnold Garelick were members of the defendant Associates of Rockland County, LLC (hereinafter Rockland LLC). The defendant Associates of Rockland County, Inc. (hereinafter Rockland Inc.), in which the decedent, Sasson, and Garelick were equal shareholders, was formed to be a 1% owner of Rockland LLC. The decedent died in 2014 and, thereafter, the plaintiff, as the personal representative of the decedent's estate, commenced this action, inter alia, asserting a cause of action alleging breach of fiduciary duty against the defendants Ricki H. Berger and Ricki H. Berger, P.C. (hereinafter together the Berger defendants), in connection with the Berger defendants' legal representation of Rockland Inc. The Berger defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated July 23, 2018, the Supreme Court, inter alia, denied that branch of the Berger defendants' motion which was pursuant to CPLR 3211(a)(7) dismiss the sixth cause of action, alleging breach of fiduciary duty against them. The Berger defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88).
We disagree with the Supreme Court's determination denying that branch of the [*2]Berger defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, alleging breach of fiduciary duty against them. " [T]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendants misconduct'" (Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807, quoting Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). A cause of action to recover damages for breach of fiduciary duty must be pleaded with the particularity required under CPLR 3016(b) (see Litvinoff v Wright, 150 AD3d 714, 715; Swartz v Swartz, 145 AD3d 818, 823). Here, the sixth cause of action, alleging breach of fiduciary duty against the Berger defendants, contained only bare and conclusory allegations related to damages, without any supporting detail, and failed to satisfy the requirements of CPLR 3016(b) (see Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255; Edem v Grandbelle Intl., Inc., 118 AD3d 848, 849).
Additionally, the complaint alleges that the Berger defendants represented Rockland Inc., and owed a fiduciary duty to the decedent based upon that representation. However, a corporation's attorney represents the corporate entity, not its shareholders or employees (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562; Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C., 45 AD3d 1453; Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 149, affd for reasons stated below 87 NY2d 826). Accordingly, the Berger defendants did not owe a fiduciary duty to the decedent as a result of their representation of Rockland Inc. Therefore, the plaintiff failed to state a cause of action alleging breach of fiduciary duty against the Berger defendants.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court