Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC (2021 NY Slip Op 03028)





Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC


2021 NY Slip Op 03028


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00623
 (Index No. 616502/16)

[*1]Michael Davis Construction, Inc., respondent,
v
129 Parsonage Lane, LLC, appellant.


Rottenberg Lipman Rich, P.C., New York, NY (Robert A. Freilich of counsel), for appellant.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Stephen W. Livingston of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated October 26, 2017. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's second, third, fourth, and fifth counterclaims and the defendant's demand for punitive damages.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the defendant's third counterclaim, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2016, the plaintiff commenced this action, inter alia, to recover damages for breach of contract based on the defendant's alleged failure to pay the plaintiff the sum of $72,500 for certain construction work that the plaintiff performed on the defendant's property in Sagaponack. In November 2016, the defendant interposed an answer denying the material allegations in the complaint, asserting five affirmative defenses, and interposing counterclaims alleging breach of contract, negligent construction, breach of warranty, fraud in the inducement, and negligent misrepresentation based on the plaintiff's alleged omissions and representations concerning the quality and completeness of the work. The defendant also asserted a demand for punitive damages. In December 2016, the plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaims alleging negligent construction (second counterclaim), breach of warranty (third counterclaim), fraud in the inducement (fourth counterclaim), and negligent misrepresentation (fifth counterclaim), and the defendant's demand for punitive damages. In an order dated October 26, 2017, the Supreme Court, inter alia, granted the plaintiff's motion. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim alleging negligent construction as duplicative of the counterclaim alleging breach of contract. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). "This legal duty must spring from circumstances [*2]extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (id. at 389). While "there are circumstances where a professional architect may be subject to a tort claim for failure to exercise due care in the performance of contractual obligations" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 713), "[t]he nature of the injury, the manner in which the injury occurred, and the resulting harm are all relevant factors in considering whether claims alleging breach of contract and tort may exist side by side" (Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 684; see Sommer v Federal Signal Corp., 79 NY2d 540, 551). Here, the counterclaims did not allege facts that would give rise to a duty owed to the defendant that is independent of the duty imposed by the parties' agreement. Thus, the defendant is essentially seeking the contractual benefit of its bargain with the plaintiff, which cannot be obtained through a counterclaim sounding in tort (see Sommer v Federal Signal Corp., 79 NY2d at 557; Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc., 163 AD3d 971, 974; Schottland v Brown Harris Stevens Brooklyn, LLC, 137 AD3d 997, 998).
The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim alleging fraud in the inducement as duplicative of the counterclaim alleging breach of contract. "A cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim" (Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527). General allegations that a party entered into a contract while lacking the intent to perform it are insufficient to support a claim of fraudulent inducement (see Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951). Where the fraud claim is premised upon an alleged breach of contractual duties and does not concern representations which are collateral or extraneous to the terms of the contract between the parties, a fraud claim does not lie (see Oceanview Assoc., LLC v HLS Bldrs. Corp., 184 AD3d 843, 845). Here, the allegations which form the basis of the counterclaim alleging fraud in the inducement are the same as those underlying the counterclaim alleging breach of contract. The defendant's allegation that the plaintiff fraudulently represented that it would install all soundproofing and thermal insulation on the project "amounted only to a misrepresentation of the intent or ability to perform under the contract" (Gorman v Fowkes, 97 AD3d 726, 727; see Renaissance Equity Holdings, LLC v Al-An El. Maintenance Corp., 121 AD3d 661, 664; Fromowitz v W. Park Assoc., Inc., 106 AD3d at 951-952). Moreover, while the defendant alleged that it remitted payment to the plaintiff in reliance on the representation that the work had, in fact, been performed, such postcontractual representation did not serve as an inducement to enter into the contract.
The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the counterclaim alleging negligent misrepresentation as duplicative of the counterclaim alleging breach of contract. A claim alleging negligent misrepresentation requires the party asserting the claim to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the other party to impart correct information; (2) that the information was incorrect; and (3) reasonable reliance on the information (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148). When both are alleged, a negligent misrepresentation claim will be found to be duplicative of a breach of contract claim where the pleading fails to allege facts that would give rise to a duty that is independent from the parties' contractual obligations (see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d at 684; Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506, 507). Here, the allegations supporting the counterclaim alleging negligent misrepresentation are based solely on the contractual relationship between the parties (see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d at 684; cf. AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d 624, 629).
The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's demand for punitive damages. "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613). Thus, "the threshold task for a court considering [a party's] motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316). Here, the defendant's counterclaims failed to set forth an independent tort sufficient to warrant punitive damages.
Finally, the Supreme Court should have denied that branch of the plaintiff's motion which was to dismiss the counterclaim alleging breach of warranty as duplicative of the counterclaim alleging breach of contract. Contrary to the plaintiff's contention, the breach of warranty counterclaim is based upon an agreement that is independent of the parties' original construction agreement. In opposition to the plaintiff's motion, the defendant submitted a copy of an express limited warranty, which was executed by the plaintiff several years after the parties allegedly entered into their original construction agreement. Thus, the counterclaim alleging breach of warranty is not duplicative of the counterclaim alleging breach of contract (see Rosenblum v Island Custom Stairs, Inc., 130 AD3d 803, 804; 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 655).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court