J. D. v Roman Catholic Diocese of Brooklyn (2022 NY Slip Op 01766)





J. D. v Roman Catholic Diocese of Brooklyn


2022 NY Slip Op 01766


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-03975 
2021-03978
 (Index No. 519856/19)

[*1]J. D., respondent, 
v
Roman Catholic Diocese of Brooklyn, et al., appellants, et al., defendant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Robert M. Ortiz, Christopher Simone, and Lena Holubnyczyj of counsel), for appellant Roman Catholic Diocese of Brooklyn.
Scahill Law Group, P.C., Bethpage, NY (Francis J. Scahill and James G. Flynn of counsel), for appellant St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York.
Janet, Janet & Suggs, LLC, New York, NY (Andrew S. Janet of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Roman Catholic Diocese of Brooklyn appeals from (1) an order of the Supreme Court, Kings County (George J. Silver, J.), dated April 28, 2021, as amended by an order of the same court dated April 30, 2021, and (2) the order dated April 30, 2021. The defendant St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York, separately appeals from the order dated April 28, 2021, as amended by the order dated April 30, 2021. The order dated April 28, 2021, as amended, insofar as appealed from, denied those branches of the separate motions of the defendants Roman Catholic Diocese of Brooklyn and St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York, which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against each of them. The notice of appeal of the defendant St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York, from the order dated April 30, 2021, is deemed to be a notice of appeal from the order dated April 28, 2021, as amended (see id. § 5512[a]).
ORDERED that the appeal by the defendant Roman Catholic Diocese of Brooklyn from the order dated April 30, 2021, is dismissed, as it is not aggrieved by that order (see id. § 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order dated April 28, 2021, as amended, is reversed insofar as appealed from, on the law, and those branches of the separate motions of the defendants Roman Catholic Diocese of Brooklyn and St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York, which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against each of them are granted; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The plaintiff commenced this action pursuant to CPLR 214-g, asserting, inter alia, a cause of action alleging breach of fiduciary duty. The amended complaint alleged that, in or around 1973, the then-ten-year-old plaintiff was sexually abused on multiple occasions by a priest and teacher who was assigned to the defendant St. Francis of Assisi Roman Catholic Church, Borough of Queens, City of New York (hereinafter the Parish), in Astoria, Queens, where the plaintiff was attending elementary school. The complaint further alleged that the Parish and its school were managed and overseen by the defendant Roman Catholic Diocese of Brooklyn (hereinafter the Diocese).
Prior to the joinder of issue, the Parish and the Diocese (hereinafter together the defendants) separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against each of them. In an order dated April 28, 2021, as amended by an order of the same court dated April 30, 2021, the Supreme Court, inter alia, denied those branches of the separate motions. The Parish and the Diocese separately appeal.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), we afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see id. § 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662). "[T]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendants misconduct" (Mann v Sasson, 186 AD3d 823, 824 [internal quotation marks omitted]; see Siegler v Lippe, 189 AD3d 903, 905). A cause of action to recover damages for breach of fiduciary duty must be pleaded with particularity under CPLR 3016(b) (see WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1023; Mann v Sasson, 186 AD3d at 824).
"A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [internal quotation marks omitted]; see WMC Realty Corp. v City of Yonkers, 193 AD3d at 1023). Two essential elements of a fiduciary relationship are de facto control and dominance (see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d at 21).
Here, the amended complaint did not allege facts that would give rise to a fiduciary relationship between the plaintiff and the defendants. The amended complaint failed to allege facts that demonstrated that the plaintiff's relationship with the defendants was somehow unique or distinct from the defendants' relationships with other parishioners generally (see Doe v Holy See [State of Vatican City], 17 AD3d 793, 795; cf. Martinelli v Bridgeport Roman Catholic Diocesan Corp., 196 F3d 409, 429-430 [2d Cir]).
Accordingly, the Supreme Court should have granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against each of them.
We need not reach the defendants' remaining contentions in light of our determination.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court