Chen & Lin 7173 Realty, LLC v City of New York (2022 NY Slip Op 03369)





Chen & Lin 7173 Realty, LLC v City of New York


2022 NY Slip Op 03369


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2020-07942
 (Index No. 520686/17)

[*1]Chen & Lin 7173 Realty, LLC, appellant, 
v
City of New York, et al., defendants, Raymond Nickolson, etc., respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for appellant.
Michael T. Sucher, Brooklyn, NY (Andrew M. Shabasson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a covenant in a deed, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 1, 2020. The judgment, upon an order of the same court dated October 1, 2020, inter alia, denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Raymond Nickolson and granting that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff purchased the subject property from the defendant Raymond Nickolson, as the administrator of the estate of Priscilla Nickolson (hereinafter the estate administrator), on June 19, 2015. The estate administrator had been appointed on May 1, 2000, and by order dated June 5, 2015, the Surrogate's Court modified his letters of administration to allow for the sale of the property. The deed delivered to the plaintiff contained a covenant against grantor's acts. The defendant Fidelity National Title Insurance Company (hereinafter Fidelity) issued the plaintiff a title insurance policy in connection with the sale.
The plaintiff alleged that following the purchase, it received tax bills from the City of New York in connection with real estate taxes encumbering the property related to charges for emergency repairs made to the property at the direction of the City prior to the plaintiff's purchase. The repairs were associated with a fire that took place at the property in 2013.
Subsequent to receiving the tax bills for the emergency repair charges, the plaintiff filed a claim with Fidelity, which Fidelity denied. The plaintiff then commenced this action, inter alia, to recover damages against the estate administrator for breach of the covenant against grantor's acts contained in the deed and for contribution from the estate administrator. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the estate administrator. The estate administrator opposed the motion and cross-moved for summary judgment [*2]dismissing the complaint insofar as asserted against him. In an order dated October 1, 2020, the Supreme Court denied the plaintiff's motion and granted the estate administrator's cross motion. The court thereafter issued a judgment, upon the order, dismissing the complaint insofar as asserted against the estate administrator. The plaintiff appeals.
Contrary to the plaintiff's contentions, the estate administrator established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. Since neither the estate nor the estate administrator owned or exercised any control over the property at the time the emergency repair charges were incurred, the estate administrator could not have breached the covenant against grantor's acts (see generally EPTL 4-1.1[a][3]; Matter of Timoschuk, 52 AD2d 661). Moreover, contrary to the plaintiff's contention, the estate administrator established his prima facie entitlement to judgment as a matter law dismissing the cause of action seeking contribution from him for the alleged breach of the covenant against grantor's acts, since the plaintiff's "potential recovery against the [estate administrator] is limited to the purely economic loss, if any, resulting from the [estate administrator's] alleged breach of the covenant against grantor's acts," and "[p]urely economic loss resulting from a breach of contract does not constitute injury to property within the meaning of New York's contribution statute" (Schottland v Brown Harris Stevens Brooklyn, LLC, 137 AD3d 997, 998 [internal quotation marks omitted]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the estate administrator, and granted the estate administrator's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court