Meserole Hub, LLC v Rosenzweig (2025 NY Slip Op 00213)

Meserole Hub, LLC v Rosenzweig

2025 NY Slip Op 00213

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-02132
 (Index No. 524299/18)

[*1]Meserole Hub, LLC, appellant,
v
Solomon Rosenzweig, et al., respondents (and a third-party action).

Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman and Pamela A. Frederick of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Thomas M. Fleming II of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and gross negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 19, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the second cause of action in the amended complaint, alleging gross negligence.
ORDERED that the order is affirmed, with costs.
In December 2014, Builders Assistance Corp., on behalf of the plaintiff, entered into a contract with the defendant Solomon Rosenzweig, PE, P.C. (hereinafter SRPE), by which SRPE was to provide engineering services to the plaintiff in connection with the development of certain real property located in Brooklyn. The plaintiff subsequently commenced this action against SRPE and its principal, the defendant Solomon Rosenzweig. In the amended complaint, the plaintiff asserted causes of action alleging breach of contract and gross negligence. The defendants moved pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging gross negligence. In an order dated January 19, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The Supreme Court properly granted the defendants' motion to dismiss the cause of action alleging gross negligence as duplicative of the cause of action alleging breach of contract. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated," and where a "plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory" (IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 290 [internal quotation marks omitted]; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711). In determining whether claims are duplicative, courts evaluate "the nature of the injury, how the injury occurred and the harm it caused" (IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d at 291 [internal quotation marks omitted]; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711).
Here, the amended complaint did not allege facts that would give rise to a duty owed [*2]to the plaintiff that was independent of the duty imposed by the parties' contract, and the plaintiff was essentially seeking the contractual benefit of its bargain (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807). The injury alleged was economic in nature—namely, the cost of correcting certain defects, lost income, and the decreased value of the building—and the injury did not occur as a result of an abrupt, cataclysmic occurrence but was rather the result of the defendants' alleged failure to perform under the contract (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 713). "Put another way, there was no injury alleged here that a separate negligence claim would include that is not already encompassed in [the plaintiff's] contract claim" (id.).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court