E.W. Howell Co., LLC v Control Point Assoc., Inc. (2025 NY Slip Op 03708)

E.W. Howell Co., LLC v Control Point Assoc., Inc.

2025 NY Slip Op 03708

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-04215
 (Index No. 616708/22)

[*1]E.W. Howell Co., LLC, appellant,
v
Control Point Associates, Inc., respondent.

Castellitto Benvenuto & Kim, LLP, Tarrytown, NY (Mario Castellitto of counsel), for appellant.
Byrne & O'Neill, LLP, New York, NY (Albert Wesley McKee of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), dated March 27, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the cause of action sounding in negligence.
ORDERED that the order is affirmed, with costs.
In November 2022, the plaintiff commenced this action alleging that the defendant, which the plaintiff had retained to perform professional construction surveying services, committed surveying errors in establishing benchmarks for the construction of a building, resulting in that building being built approximately 1.65 feet higher than designed and intended. The complaint asserted causes of action to recover damages for breach of contract and negligence.
Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the cause of action sounding in negligence. In an order dated March 27, 2023, the Supreme Court granted the defendant's motion on the ground that the allegations supporting the cause of action sounding in negligence were the same as the allegations supporting the cause of action to recover damages for breach of contract. The plaintiff appeals.
"It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [internal quotation marks omitted]; see IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 290). "[W]here the damages alleged were clearly within the contemplation of the written agreement[,] . . . merely charging a breach of a duty of due care, employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711 [alteration and internal quotation marks omitted]). Here, the complaint did not allege facts that would give rise to a duty owed to the plaintiff that is independent of the duty imposed by the parties' contract. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the cause of action sounding in negligence (see IKB Intl., S.A. v Wells [*2]Fargo Bank, N.A., 40 NY3d at 292; Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 713; Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807; Oceanview Assoc., LLC v HLS Bldrs. Corp., 184 AD3d 843, 845).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court