Board of Mgrs. of the 51 Jay St. Condominium v 201 Water St., LLC
2026 NY Slip Op 02812
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Board of Managers of the 51 Jay Street Condominium, respondent-appellant,
v
201 Water Street, LLC, et al., appellants-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2021-04819, (Index No. 500191/20)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Lillian Wan
Laurence L. Love, JJ.

Braverman Greenspun, P.C., New York, NY (William J. Geller and Jon Kolbrener of counsel), for appellants-respondents.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Milad Boddoohi and Andrea J. Caruso of counsel), for respondent-appellant.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated May 11, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action. The order, insofar as cross-appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third through sixth causes of action.
ORDERED that the order is reversed, on the law, without costs and disbursements, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action is granted, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third through sixth causes of action are denied.
The defendants Adam America, LLC, and Slate Property Group, LLC, formed the defendant 201 Water Street, LLC (hereinafter the sponsor), to develop a condominium building in Brooklyn. In 2017, the sponsor began closing on the sales of individual units in the building and unit owners began to move in. From this time until the beginning of 2019, the board of managers of the building was comprised of three seats, which were occupied by the defendants Martin Nussbaum, Dvir Hoshen Cohen, and David Schwartz (hereinafter collectively the sponsor board members), who allegedly held interests in and were principals of the sponsor. In February 2019, the number of seats on the board of managers was increased to five, and unit owners were given three seats.
The plaintiff, the board of managers of the building, thereafter commenced this action, seeking damages arising out of, inter alia, the defective construction of the building and the defendants' failure to repair and maintain the building. The complaint asserted causes of action to recover damages for breach of contract, fraudulent inducement (second cause of action), breach of fiduciary duty (third cause of action), and fraudulent conveyances in violation of Debtor and Creditor Law former §§ 273, 274, and 276 (fourth, fifth, and sixth causes of action, respectively). The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the second through sixth causes of action. In an order dated May 11, 2021, the Supreme Court granted those branches of the defendants' [*2]motion which were to dismiss the third through sixth causes of action and denied that branch of the defendants' motion which was to dismiss the second cause of action. The defendants appeal, and the plaintiff cross-appeals.
The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging fraudulent inducement. "A cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim" (Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807 [internal quotation marks omitted]). "Where the fraud claim is premised upon an alleged breach of contractual duties and does not concern representations which are collateral or extraneous to the terms of the contract between the parties, a fraud claim does not lie" (id.). Here, the allegations forming the basis of the cause of action alleging fraudulent inducement are the same as those underlying the cause of action alleging breach of contract. The court therefore should have directed dismissal of the second cause of action as duplicative (see id.; Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1039; Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 684).
The Supreme Court also erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging breach of fiduciary duty against the sponsor board members. "[T]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant[']s misconduct" (Mann v Sasson, 186 AD3d 823, 824 [internal quotation marks omitted]). "A cause of action to recover damages for breach of fiduciary duty must be pleaded with the particularity required under CPLR 3016(b)" (id.). "The business judgment rule is applicable to the board of directors of cooperative and condominium corporations. The rule provides that a court should defer to a condominium board's determination so long as the board acts for the purposes of the condominium, within the scope of its authority and in good faith" (72 Poplar Townhouse, LLC v Board of Mgrs. of the 72 Poplar St. Condominium, 224 AD3d 645, 647 [citations, alterations, and internal quotation marks omitted]). "Unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule, and a director who participates in the commission of a tort committed by the board may be held individually liable" (id. [citation omitted]).
Here, the complaint sufficiently alleged a cause of action alleging breach of fiduciary duty against the sponsor board members. Contrary to the Supreme Court's determination, the business judgment rule did not insulate the sponsor board members from liability for their actions as members of the board of managers, as the complaint alleged that the sponsor board members actively participated in the fraud committed by the prior board of managers and engaged in self-dealing to the detriment of the unit owners (see Stinner v Epstein, 162 AD3d 819, 821). Therefore, the court should have denied that branch of the defendants' motion which was to dismiss the third cause of action.
Pursuant to the version of Debtor and Creditor Law § 273 applicable at the time of the subject conveyances, "a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration" (Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d 641, 645). Pursuant to the version of Debtor and Creditor Law § 274 applicable at the time of the subject conveyances, "a conveyance is fraudulent as to creditors without regard to actual intent when it is made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his or her hands after the conveyance is an unreasonably small capital" (Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 646). "Since valid claims of violations of Debtor and Creditor Law [former] §§ 273 and 274 do not require proof of actual intent to defraud, such claims are not required to be pleaded with the particularity required by CPLR 3016(b)" (Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d 1377, 1379).
The Supreme Court erred in granting those branches of the defendants' motion which [*3]were pursuant to CPLR 3211(a)(7) to dismiss the fourth and fifth causes of action, alleging fraudulent conveyances in violation of Debtor and Creditor Law former §§ 273 and 274, respectively. The complaint sufficiently alleged fraudulent conveyances in violation of Debtor and Creditor Law former §§ 273 and 274, as the complaint alleged that the plaintiff was a potential creditor of the sponsor based on the causes of action alleging breach of contract and fraud, and that the sponsor distributed the net proceeds of the sales of the building's units to its affiliates and members, rendering it insolvent and/or leaving it with an unreasonably small capital (see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 645; Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379).
The version of Debtor and Creditor Law § 276 in effect at the time of the conveyances provided that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." "The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer. In determining whether a conveyance was fraudulent, the courts will consider badges of fraud, which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 647 [internal quotation marks omitted]). "A pleading asserting a cause of action pursuant to Debtor and Creditor Law former § 276 is required to be pleaded with particularity" (id.). "When, however, the operative facts are peculiarly within the knowledge of the party alleged to have committed the fraud, it may be impossible at the early stages of the proceeding for the plaintiff to detail all the circumstances constituting the fraud" (id. [internal quotation marks omitted]). "Accordingly, the pleading requirement will be deemed to have been met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (id. [internal quotation marks omitted]).
Here, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the sixth cause of action, alleging an intentional fraudulent conveyance in violation of Debtor and Creditor Law former § 276. The complaint alleged facts establishing sufficient indicia of an intentional fraudulent transfer to hinder, delay, or defraud creditors, as it alleged that the sponsor disbursed the proceeds of the unit sales to its members, in effect, to avoid paying damages for its failure to construct the building in accordance with its promises and contractual obligations.
We need not reach the parties' remaining contentions in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action and denied those branches of their motion which were pursuant to CPLR 3211(a)(7) to dismiss the third through sixth causes of action.
BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court